NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2010
_____

DWAYNE L. RIECO,
                              Appellant

v.

LT. BRONSBURG; C/O OSMULSKI; SGT. MAUSTELLAR; DR. CHIAVACCI; C/O
FERRETTI; CAPTAIN FOWLER; C/O TEASDALE; JAMES MCGRADY, FACILITY
MANAGER; DR. KAPOZA; JOHN JEDDICK; MAUREEN MATISKA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3-13-cv-00075)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2016

Before: CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Dwayne Rieco, a Pennsylvania prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

On or about January 11, 2013, Rieco filed a complaint claiming that, on January 3, 2013, corrections officers at SCI-Retreat assaulted him. Rieco identified officers who allegedly shoved his face into a wall, stomped on his foot, and pulled on a tether connected to his handcuffs that caused his wrists to bleed. Rieco alleged that the officers sought to punish him for his criminal conviction and that one of them called him a child molester before the assault. Rieco, who believed that his foot might have been broken, also claimed that a doctor denied him medical treatment. Rieco also identified an officer who allegedly issued a false misconduct report in order to cover up the assault. The defendants moved to dismiss the complaint.

Rieco then filed a motion to amend his complaint. He sought to add as defendants prison staff who were involved in his transfer to SCI-Graterford's mental health unit on January 17, 2013. Rieco averred that documents were falsified and that he was transferred without due process in order to cover up the assault and to interfere with his criminal appeal. The District Court granted Rieco's motion and required that he file a single, complete, amended complaint. The District Court advised Rieco that his amended complaint must stand by itself "without reference to the complaint already filed."

constitute binding precedent.

9/30/13 Order at 4.  The District Court dismissed the motions to dismiss the original complaint as moot.

On December 26, 2013, Rieco filed an amended complaint.[1]  Rieco alleged that he had filed a civil rights action claiming that defendants had assaulted him on January 3, 2013, and that on January 17, 2013 he was transferred to SCI-Graterford's mental health unit.  Rieco averred that prison staff denied him due process and failed to comply with state law.  He stated that he was transferred in retaliation for filing grievances and his civil rights action.  Rieco also raised other claims against staff at SCI-Graterford and SCI-Pittsburgh, where he was confined when he filed the amended complaint.  Rieco sought to add eighteen new defendants to his action.

On April 7, 2014, the District Court struck the amended complaint on the grounds that Rieco had attempted to incorporate the original complaint and add new defendants, and had not complied with Federal Rule of Civil Procedure 8's requirement of a short and plain statement of his claims.  The District Court directed the Clerk to provide Rieco the Court's form for filing a civil rights action and ordered that he file an amended complaint.  The District Court reiterated that the amended complete must be complete, in and of itself, without reference to any prior filings.  The District Court stated that the

---

[1]Rieco was afforded additional time to file his amended complaint after he claimed that his legal materials had been confiscated.  Counsel for the defendants informed the District Court that Rieco's access was restricted due to his erratic behavior and because he was found with a lighter.  Counsel also stated that Rieco must exchange boxes of his legal papers because the papers exceed the quantity allowed in a cell.

amended complaint shall include, among other things, any and all defendants whom Rieco sought to name in his action, allegations of the defendants' personal involvement, and the constitutional rights he alleges were violated.

Rieco filed an "appeal," which the District Court construed as a motion for reconsideration of its order. Rieco stated that he had moved to amend his complaint in order to add three defendants who he claimed retaliated against him for filing his original compliant by committing him to a mental health unit, "not to stop prosecution of the leading defendants." Rieco stated that the District Court had said that he "must not mention anything about the original complaint." See Pl. Appeal to Order to Amend the Complaint at 1-2. Rieco asked the Court to allow him to add the new defendants.

On July 24, 2014, the District Court denied reconsideration because Rieco had not identified a change in law, new evidence, or the need to correct an error of law or fact. The District Court stated that the amended complaint was stricken because it did not satisfy Rule 8 and it was not a separate pleading that did not reference the original complaint. The District Court also noted that the amended complaint improperly raised causes of action involving persons located outside of the Middle District of Pennsylvania.

The District Court afforded Rieco, out of an abundance of caution, one more opportunity to file an amended complaint. The District Court advised him that an amendment relates back to the original complaint only when the claim arises out of the occurrence set forth in the original pleading. The District Court required Rieco to file "a singular, complete, amended complaint, arising out of the original January 11 [sic], 2013

4

alleged assault . . . ." 7/24/14 Order at 7. The District Court reiterated the requirements set forth in its prior order, including the requirement that the amended complaint not reference any prior filings.

Rieco then filed a brief amended complaint on the District Court's Civil Complaint form against the facility manager, two doctors, and a staff member at SCI-Retreat. Rieco alleged that these defendants retaliated against him on January 17, 2013 by falsifying a petition to unlawfully commit him. He stated that the petition was withdrawn for lack of evidence and he was released from the mental health unit. He claimed violations of his rights to due process and equal protection, malicious prosecution, and official oppression.

The defendants named in Rieco's original complaint moved to dismiss the amended complaint. On March 30, 2015, the District Court granted these motions. The District Court ruled that Rieco had failed to allege the defendants' personal involvement in the claimed constitutional violations. The District Court also ruled that Rieco failed to state a claim for violations of his rights to due process and equal protection based on alleged failures to comply with Pennsylvania's Mental Health Procedures Act. The District Court also decided that Rieco failed to establish a prima facie case of retaliation and did not state claims for malicious prosecution or official oppression. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 266 (3d Cir. 2005).

5

Rieco argues on appeal that he stated Eighth Amendment claims in his original complaint and that the District Court erred by prohibiting him from pursuing these claims after he sought to amend his complaint. The District Court did not prohibit Rieco from pursuing these claims. To the contrary, the District Court tried to assist Rieco. Rieco, however, did not understand that when the District Court instructed him to file an amended complaint "without reference to the complaint already filed," that it intended that he file an amended pleading setting forth his original claims and his claims against the defendants he sought to add to the complaint. Rieco conveyed his misunderstanding in his filing that was construed as a motion for reconsideration, but the District Court reiterated the same instruction.

We conclude that the District Court should adjudicate the Eighth Amendment claims raised in Rieco's original complaint under these circumstances. Although a district court may require a plaintiff to prepare a single, amended pleading when it would facilitate managing the case, see In re Westinghouse Secur. Litig., 90 F.3d 696, 703 (3d Cir. 1996), Rieco's original complaint is well-pleaded, his Eighth Amendment claims are not frivolous on the face of the complaint, and it is clear that he did not intend to abandon them. "[W]e tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). We also note that the Federal Rules of Civil Procedure allow a plaintiff to incorporate a pleading by reference. Fed. R. Civ. P. 10(c). See also West Run Student Hous. Assoc., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013)

6

("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'").

Rieco also argues, relying on Vitek v. Jones, 445 U.S. 480 (1980), that the District Court erred in dismissing his Fourteenth Amendment due process claim based on his involuntary commitment to the mental health unit at SCI-Graterford without notice and a hearing. Rieco states that he was transferred to the mental health unit on January 17, 2013, that a hearing was held on January 29, 2013 and the involuntary commitment petition was withdrawn, that he was not subject to involuntary treatment, and that he was released from the mental health unit. Rieco has not shown based on these circumstances that he states a claim under Vitek, which required procedural protections before an inmate was transferred to a state mental health hospital for purposes of treatment. Vitek, 445 U.S. at 494. Rieco was afforded a hearing shortly after his transfer and was released.

Rieco also asserts in his brief that the District Court erred in dismissing his claim that his Fourth Amendment rights were violated based on the prison's seizure of legal materials related to his criminal case, which impeded his ability to challenge his conviction. He also contends that his First Amendment rights were violated on the same basis. Rieco's Fourth Amendment claim was raised in his original complaint and not adjudicated below, but the Fourth Amendment has no application here. See Ker v. State of California, 374 U.S. 23, 30 (1963) (noting Fourth Amendment forbids the government from convicting a person of a crime using evidence obtained by an unreasonable search and seizure). To the extent Rieco claims a First Amendment violation, the pleadings he

7

filed do not state a claim for relief and he has not shown that further amendment is warranted. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (First Amendment access to courts claim must identify a non-frivolous, arguable claim that was lost).

Finally, to the extent Rieco challenges the dismissal of his retaliation claim, that claim was properly dismissed because his amended complaint did not include sufficient factual content to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Even if Rieco omitted allegations related to the filing of his original complaint in an effort to follow the District Court's instructions, his final amended complaint did not contain sufficient facts as to each defendant's alleged misconduct. See id. Rieco's prior amended complaint that was stricken by the District Court was similarly deficient. Because Rieco had two opportunities to plead his retaliation claim, another opportunity is not warranted.[2]

Accordingly, we will affirm in part and vacate in part the judgment below and remand for adjudication of Rieco's Eighth Amendment claims set forth in his original complaint.

---

[2]To the extent Rieco makes other allegations and claims in his brief, they are not adequately developed for purposes of appellate review and we do not consider them.